

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |  | |
|---|---|---|---|
| CONSTAN GERVAIS STREET CAR WASH, INC., | § § | | |
| Plaintiff, | § § | | |
| vs. | § § | CIVIL ACTION NO. 3:24-1392-MGL | |
| AUTO-OWNERS INSURANCE COMPANY, | § § | | |
| Defendant. | § | | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S FIRST MOTION TO COMPEL**

## I. INTRODUCTION

Plaintiff Constan Gervais Street Car Wash, Inc., (Constan) filed this lawsuit against Defendant Auto-Owners Insurance Company (Auto-Owners) in the Richland County Court of Common Pleas. Auto-Owners subsequently removed the case to this Court, which has diversity jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Constan's first motion to compel, in which it moves the Court to require Auto-Owners to produce certain documents and discovery responses to Constan. It also asks for an award of fees and costs. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant in part and deny in part Constan's first motion to compel.

## II. FACTUAL AND PROCEDURAL HISTORY

Constan brings claims for breach of contract and bad faith refusal to pay benefits against Auto-Owners; and Auto-Owners brings an amended counterclaim for declaratory judgment it properly denied Constan's claim for insurance coverage.

The parties are well aware of the tortured history of the discovery, the back and forth, and the related disputes in this case. Accordingly, it is unnecessary for the Court to detail it here.

After Constan filed its first motion to compel, Auto-Owners filed its response in opposition, and then Constan filed its reply in support. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III. STANDARD OF REVIEW

Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure states "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Rule 34 is concerned with the production of documents.

Further, according to Rule 37(a)(5)(A),

> [i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the [C]ourt must not order this payment if:
>
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

      (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

      (iii)   other circumstances make an award of expenses unjust.

*Id*.

## IV.   DISCUSSION AND ANALYSIS

In Constan's memo, it asks "Auto-Owners be ordered to (1) produce the pre-litigation documents identified on its current privilege log as work product, or in the alternative, order . . . those documents be submitted to the Court for an *in camera* review; (2) produce any and all responsive documents in its possession, custody, or control within a timeframe set by the Court; (3) produce the Jabber communications that are responsive to [its] requests without regard to privilege; and (4) pay Constan its fees and costs for [its] motion." Constan's Memo at 15.

### A.   *Whether Auto-Owners' claim of work product protection over certain pre-litigation documents is improper, and should be ordered produced.*

Constan maintains "Auto-Owners has not demonstrated . . . the four pre-litigation claims notes identified in its log and the documents referenced therein are protected by the work product doctrine." Constan's Memo at 8. Auto-Owners, unsurprisingly, disagrees.

The work product doctrine is embodied in Rule 26(b)(3)(A) & (B) of the Federal Rules of Civil Procedure, which states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

3

>  (ii) the party shows . . . it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. . . .
>
> If the [C]ourt orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

*Id*. Rule 26(b)(4) is concerned with expert witnesses and Rule 26(b)(1) deals with the general scope of discovery.

"The burden of proof rests with . . . the party asserting the work product doctrine[ ] to demonstrate . . . the [documents] were prepared in anticipation of litigation." *Sandberg v. Va. Bankshares, Inc*., 979 F.2d 332, 355 (4th Cir. 1992) (vacated on other grounds).

"[B]ecause litigation is an ever-present possibility in American life, it is more often the case than not . . . events are documented with the general possibility of litigation in mind." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc*., 967 F.2d 980, 984 (4th Cir. 1992). Yet, "[t]he mere fact . . . litigation does eventually ensue does not, by itself, cloak materials" with work product immunity. *Binks Mfg. Co. v. National Presto Indus., Inc*., 709 F.2d 1109, 1118 (7th Cir.1983).

As another district court correctly put it, "[n]ot only must the documents have been produced when litigation was justifiably anticipated, but the material must have been produced because of that prospect of litigation and for no other purpose." *Harper v. Auto-Owners Ins. Co*., 138 F.R.D. 655, 660 (S.D. Ind. 1991).

In other words, "[t]he document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *National Union Fire Ins. Co.*, 967 F.2d at 984 (emphasis omitted). "[M]aterials prepared in the ordinary course of business or pursuant to

4

regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation[.]" *Id.*

"Determining whether work product immunity is available requires a three step analysis[:]"

> First, [the Court] must determine whether the work product was made in anticipation of litigation. If not, then the inquiry ends because the material is not protected. If the material was prepared in anticipation of litigation, then [the Court] must determine whether the material is opinion work product or non-opinion work product. Opinion work product prepared in anticipation of litigation is absolutely immune from discovery. Finally, if the material is nonopinion work product, then it may be discovered upon a showing of substantial need.

*Sandberg*, 979 F.2d at 355.

Auto-Owners claims work-product "[p]rivilege has . . . been asserted [only] for those specific portions of the file dedicated to memorializing the mental impressions of the adjusters for anticipated future legal action following denial of the claim and receipt of communication from Constan's attorney." Auto-Owners's Response at 12. Later in Auto-Owners's response, it states "[t]he fact . . . Auto-Owners did not immediately proceed with retention of its own counsel does not mean . . . no privilege attaches." *Id*. at 16.

Constan, however, contends Auto-Owners fails to "explain[ ] why or how these documents were prepared for litigation, leaving both [it] and the Court to guess at the basis for Auto-Owners's claim of work product protection." According to Constan, "this failure by Auto-Owners to substantiate its assertion of the work product rule makes it impossible to apply the rule to these documents, and therefore defeats Auto-Owners's argument why these documents should be protected from disclosure." *Id.*

Chip Smith, the principal and owner of Constan, provided notice of its claim to Auto-Owners on January 19, 2023. Auto-Owners subsequently denied Constan's insurance claim on September 6, 2023.

5

Thereafter, Auto-Owners learned Constan had legal representation when it received a September 26, 2023, letter from Constan's counsel. Auto-Owners says it received the letter on October 3, 2023. Constan waited until February 22, 2024, to initiate this lawsuit against Auto-Owners.

The four documents at issue here were generated after Auto-Owners received the September 26, 2023, letter from Constan's counsel on October 3, 2023. With this letter, Auto-Owners contends it reasonably anticipated litigation in this matter.

But, the Court has carefully reviewed the September 26, 2023, letter and agrees with Constan's description of it: "There [is] nothing threatening about this letter—it contain[s] no mention or threat of future action, no assurance . . . Constan would press its rights if it did not receive a favorable reconsideration, or anything of the sort. Its stated purpose was rather 'to bring [certain] matters to [Auto-Owners's] attention[.]'" Constan's Memo at 9 (quoting September 26, 2024, Letter at 1).

Thus, the Court is unconvinced Auto-Owners's receipt of the September 26, 2025, letter from Constan's legal counsel, when Auto-Owners first learned Constan was represented by counsel, was sufficient to establish "litigation was justifiably anticipated[.]" *Harper*, 138 F.R.D. at 660.

This is in agreement with the majority of courts holding it is unreasonable for the defendant to say they anticipated litigation at the moment they were informed the plaintiff is represented by counsel. *See, e.g., Borgia v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-3149, 2014 WL 4375643, at *4 (E.D. Pa. Sept. 3, 2014) ("The mere fact that Plaintiffs were represented by counsel at the outset of the underinsured motorist claim, without more, says nothing about the likelihood the claim would end up in litigation."); *Abu-Shawareb v. Allstate Ins. Co.*, 5:04-cv-833-RBH, 2005 WL 8164902, at *2 (D.S.C. May 11, 2005) ("Litigation cannot be said to be reasonably anticipated by the [defendant] merely because the [plaintiff] is

6

represented by an attorney." (citation omitted) (internal quotation marks omitted)); *Pete Rinaldi's Fast Foods, Inc. v. Great American Ins*. Companies, 123 F.R.D. 198, 203 n.5 (M.D.N.C. 1988) (same); *Fann v. Giant Food, Inc*., 115 F.R.D. 593, 596 (D.D.C. 1987) (rejecting the defendant's argument "witness statements are protected by the work product privilege[ ] in that they were taken by defendant's insurance claims adjuster after plaintiff informed defendant . . . she had retained counsel.").

Therefore, because Auto-Owners has failed to show the four documents in dispute were "made in anticipation of litigation. . . . the inquiry ends because the material is not protected." *Sandberg*, 979 F.2d at 355. As such, Auto-Owners shall produce these four documents to Constan forthwith, but not later than thirty days after the issuance of this Order.

As an aside, the Court further notes it is unpersuaded the four documents at issue were "produced because of [the] prospect of litigation and for no other purpose." *Harper*, 138 F.R.D. at 660.

Although the Court is ordering Auto-Owners to provide these document to Constan, it will save for another day whether they will be admissible at trial.

> **B.     *Whether Auto-Owners should be compelled to produce all responsive documents in its possession, custody, or control within a timeframe set by the Court***

As the Court earlier observed, Constan "requests . . . the Court order Auto-Owners to produce all of the documents in its possession, custody, or control that are responsive to [Constan's] discovery requests within a timeframe set by the Court." Constan's Memo at 13. Constan further "requests . . . this order include the entirety of Auto-Owners's internal communications, including the Jabber database, that are relevant to [Constan's] claim, as well as the full five years of past claims . . . [Constan] requested in its original discovery requests." *Id*. "In addition, [Constan] requests . . . , with respect to the Jabber communications, Auto-Owners be ordered to produce these communications in their entirety without regard to privilege." *Id*.

7

Auto-Owners, however, contends Constan's "request to compel production of the internal communications and materials related to the claim made on or after October 3, 2024, should be denied." Auto-Owners's Response at 18. It further maintains Constan's "request . . . the Jabber communications all be produced regardless of privilege is without merit." *Id*. (internal quotation marks omitted). According to Auto-Owners, it "has produced the Jabber communications from April 4 and April 10, 2023. However, Auto-Owners asserts . . . communications through Jabber made on or after October 3, 2023, are privileged." *Id*. (internal quotation marks omitted)

October 3, 2023, as the Court stated before, is the date Auto-Owners says it received the letter from Constan's counsel. But, as Constan rightly argues in its Reply, "Auto-Owners'[s] continued argument . . . the documents it generated after October 3, 2023[,] are automatically privileged because it received a non-threatening letter from an attorney is without merit[.]" Constan's Reply at 4. The Court explained its holding on this issue above.

Nevertheless, the Court is aware Auto-Owners may still have a valid basis, other than the October 3, 2023, work product argument, to claim privilege on some of the documents at issue here. Therefore, it will deny the "without regard to privilege" portion of Constan's request and allow Auto-Owners to prepare a full, proper, and complete privilege log as to any appropriate documents.

Hence, with the exception of any valid claims of privilege, Auto-Owners shall "produce all of the documents in its possession, custody, or control that are responsive to [Constan's] discovery requests within" thirty days of he issuance of this Order. Constan's Memo at 13. This shall "include the entirety of Auto-Owners'[s] internal communications, including the Jabber database, that are relevant to [Constan's] claim[.]" *Id*.

As to Constan's request for five years of prior similar claims, Auto-Owners objects on the grounds the request for these materials "is not relevant, is overly broad in time and scope, unduly

8

burdensome, and not proportional to the needs of the case." Auto-Owners's Response at 20. Auto-Owners also takes issue "to this request based on privacy." *Id*. at 21.

As Constan noted in its memo, after a October 1, 2024, telephonic conference with the Court "the parties agreed . . . Auto-Owners would have thirty days to . . . confer with counsel for [Constan] to narrow the scope of [Constan's] request for evidence of other similar claims to one year prior to the claim at issue in this case." Constan's Memo at 4. Later in the memo, Constan states it "agree[d] to shorten the timeframe of its request from five years to one year prior to the claim in this case." *Id*. at 12.

It appears Constan wishes to return to the request for five years of claims, however, because "Auto-Owners failed to produce any evidence of other claims sought by [Constan's] requests, despite [Constan] agreeing to shorten the timeframe of its request from five years to one year prior to the claim in this case." Constan's Memo at 13. According to Constan, "[d]espite this generous accommodation, Auto-Owners did not produce any of these documents within the additional time it requested, and did not even confirm that this modification was acceptable to Auto-Owners." *Id*. (emphasis omitted).

Nevertheless, the Court is unconvinced it is necessary for Auto-Owners to provide five years of prior similar claims to Constan. Therefore, the Court will deny this portion of Constan's request. Instead, the Court concludes one-year of past claims is all that will be required.

Regarding Auto-Owners's privacy arguments, as Constan correctly states, it "has already agreed . . . Auto-Owners may designate this information as confidential under the terms of the Confidentiality Order in this case, which will restrict its use to this case only and prevent any public disclosure of that information." Constan's Reply at 11-12.

### C.  *Whether Constan should be awarded its fees and costs for its first motion to compel*

Constan insists "Auto-Owners has had repeated opportunities over the course of six months to identify and produce responsive documents in this case.  Despite repeated accommodations by both [Constan] and the Court, Auto-Owners has simply failed and refused to comply with its discovery obligations."  Constan's Memo at 15.  Therefore, Constan states, "[a]n award of fees is now appropriate to compensate [Constan] for its efforts that should have been unnecessary, and to ensure future compliance by Auto-Owners with its obligations under the Rules."  *Id*.

Auto-Owners however, argues, "even if [Constan's] Motion is granted in whole or in part, there is a genuine dispute over the proper scope of discovery in this matter, such that neither party should be sanctioned for requiring the Court's formal intervention to resolve it."  Auto-Owners's Response at 23.

As the Court noted above, as per Rule 37(a)(5)(A), it "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless one of the following three exceptions are present: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without [C]ourt action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  *Id.*

It appears Constan made a good faith effort to obtain the discovery at issue here without Court action.  And, except as explained below, the Court is unable to agree Auto-Owners's response/non-response was substantially justified.  The Court is also unaware of any other circumstances that would make the award of expenses unjust.  Accordingly, although it is rare

for this Court, it thinks it appropriate here to award costs and fees to Constan for its first motion to compel. Therefore, the request will be granted, except for one caveat.

Although the majority of courts are in agreement that one is unable to credibly say litigation is reasonably anticipated by the defendant just because the plaintiff is represented by counsel, a few courts have held otherwise. *See Patrick v. State Farm Fire & Casualty Company*, 2016 WL 10519131, at *5 (E.D. Mich. 2016) (The plaintiff "was represented by her own attorney during the [Examination Under Oath], further bolstering [the defendant's] claim . . ., at least as of that point, it reasonably anticipated litigation in this matter."). And, some courts have even held "a reasonable possibility of litigation . . . arises after an insurance company has made a decision with respect to the claim of its insured." *Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 656 (M.D.N.C. 1995).

Consequently, because it appears some courts would have adopted Auto-Owners's October 3, 2023, work product argument, the Court holds Auto-Owners's refusal to produce any documents on that basis "was substantially justified[,]" Fed. R. Civ. P. 37(a)(5)(A)(ii). Constan, therefore, should refrain from seeking any fees and costs related to this issue.

Immediately, counsel should confer on this matter and agree upon what a reasonable award of fees and costs would be in this case. Or, perhaps Constan will forego its request for an award if Auto-Owners complies with its discovery obligations straightaway and agrees to better meet its discovery obligations going forward.

If counsel are unable to come to an agreement, however, and Constan wishes to go forward with its request for fees and costs, not later than forty-five days after the date of this Order, Constan shall file an appropriate motion seeking its fees and costs related to this matter. Appropriate affidavits, time sheets, and other necessary documentation should accompany the motion.

11

VI.  **CONCLUSION**

In light of the foregoing discussion and analysis, Constan's first motion to compel is **GRANTED** in part and **DENIED** in part. Its motion is granted in all respects except its request (1) to disallow Auto-Owners to claim privilege on any documents, (2) for five years of past claims, and (3) fees and costs related to Auto-Owners's October 3, 2023, work product argument.

Again, Auto-Owners shall produce the documents at issue here forthwith, but not later than thirty days after the issuance of this Order.

If necessary, Constan shall file an appropriate motion for an award of fees and costs, along with appropriate attachments, not later than forty-five days after the issuance of this Order.

**IT IS SO ORDERED**.

Signed this 17th day of September, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE